UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CITIMORTGAGE, INC., | Case No. 2:15-CV-154 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| MDGGG TRUST, | |
| Defendant(s). | |

Presently before the court is plaintiff Citimortgage, Inc.'s ("CMI") motion to amend the complaint. (ECF No. 46). Defendant MDGGG Trust filed a response. (ECF No. 49). Plaintiff filed a reply. (ECF No. 50).

**I. Background**

On or about January 24, 2005, Michelle L. Slack ("Slack") borrowed $109,294 from Consolidated Consultants, Inc. to purchase the property located at 9680 Blue Calico Drive, Las Vegas, Nevada 89123 ("property"). Slack executed a promissory note ("note") that was secured by a deed of trust encumbering the subject property. On or about January 24, 2005, Consolidated Consultants, Inc. transferred its interest in the property to CMI.

Stone Canyon Silverado Homeowners Association ("Stone Canyon HOA") claimed an interest in the subject property pursuant to a notice of delinquent assessment Lien ("HOA lien"). On or about November 22, 2013 Alessi & Koeing ("A&K"), acting as an agent for Stone Canyon HOA, recorded a "notice of default" and "election to sell" under the HOA lien. On or about April 28, 2014, A&K recorded a notice of trustee's sale. The total amount purportedly owed to Stone Canyon HOA was $5,485.39.

On June 18, 2014, Stone Canyon HOA foreclosed on the subject property. The subject property was sold to defendant for $24,000. Plaintiff alleges this HOA sale was not commercially reasonable because the value of the property far exceeded the sale price.[1]

Plaintiff filed a complaint asserting three causes of action for (1) Declaratory Relief, (2) Quiet Title, and (3) Enforcement of Instrument pursuant to NRS 104.3309. Defendant filed a motion to dismiss. (ECF No. 36). Plaintiff filed a motion to amend the complaint. (ECF No. 46).

**II. Legal Standard**

FED. R. CIV. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis,* 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182. However, a district court should deny a motion to amend where the amendment is an "exercise in futility." *Leadsinger, Inc. v. BMG Music Pub*., 512 F.3d 522, 532 (9th Cir. 2008).

A proposed amendment is futile if no set of facts can be proved under the amendment that would constitute a valid clam or defense. *Farina v. Compuware Corp*., 256 F.Supp.2d 1033, 1061 (9th Cir. 2003) (quoting *Miller v. Rykoff–Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988)). A proposed amendment to a complaint that merely restates and seeks to reinstate claims that already have been dismissed may be properly denied as futile. *Ross v. City of Waukegan*, 5 F.3d 1084 (7th Cir. 1993).

Under Rule 15(c), "[a]n amendment to a pleading relates back to the date of the original pleading" in three circumstances. First, for all amendments, relation back is permitted if "the law that provides the applicable statute of limitations allows relation back." FED. R. CIV. P.

---

[1] Plaintiff alleges the value of the property exceeded $93,000. Plaintiff also alleges the value of the property exceeded $240,000. The court suggests plaintiff settles on one value for the property in the amended complaint.

**James C. Mahan**
**U.S. District Judge**

- 2 -

15(c)(1)(A).  Second, relation back is permitted if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading."  FED. R. CIV. P. 15(c)(1)(B).

For the third circumstance, the party seeking to amend its complaint must satisfy several showings.  Relation back is permitted if " the amendment changes the party or the naming of the party against whom a claim is asserted if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) . . ., the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(C); *see generally Louisiana-Pacific Corp. v. ASARCO, Inc.*, 5 F.3d 431, 434 (9th Cir. 1993) (discussing Rule 15(c)(1)(C) prior to the amended current version).

In addition to the Rule 15 requirements, the local rules of federal practice in the District of Nevada require that a plaintiff submit a proposed, amended complaint along with a motion to amend. LR 15-1(a).

**III. Discussion**

Plaintiff's motion to amend seeks to change the causes of action in the complaint. The proposed amended complaint asserts the following two causes of action (1) Wrongful Foreclosure, and (2) Unjust Enrichment.[2]  Defendant argues that the motion to amend should be dismissed because the proposed amended complaint is futile.

A motion to amend shall be granted, in absence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis,* 371 U.S. 178,182 (1962).  A motion to amend a complaint is futile where the motion offers no new set of facts or legal theory, or fails to state a cognizable claim. *Gardner v. Martino,* 563 F.3d 981, 991–92 (9th Cir.2009); *see also Miller v. Skogg,* No. 10–01121

---

[2] Plaintiff also asserts a cause of action for declaratory relief. However, declaratory relief is simply that: the relief that the plaintiff seeks. It is not a separate cause of action. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

**James C. Mahan**
**U.S. District Judge**

2011 WL 383948 at *4 (D.Nev. Feb. 3, 2011) (denying plaintiff's motion to amend as futile for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)).

*a) Wrongful Foreclosure*

Plaintiff alleges that Stone Canyon HOA and A&K unlawfully included collection costs in the lien, and the foreclosure was thus not properly conducted under NRS Chapter 116. Defendant argues that the proposed amendment is futile for three reasons.

First, it argues that NRS 116 was amended to specifically allow for collection costs to be included in the lien, taking effect on October 1, 2015. The amended statute states "any penalties, fees, charges, late charges, fines and interest charged . . . and any costs of collecting a past due obligation charged . . . are enforceable as assessments under this section." NRS 116.3116. However, the subject property was foreclosed upon on June 18, 2014, prior to the amendment taking effect. Therefore, whether collection costs were allowed to be included in this specific lien is a contested issue.

Defendant further alleges that when it purchased the subject property it had no notice of plaintiff's competing interest because plaintiff failed to record the assignment of the deed of trust. Therefore, defendant claims it was a bona fide purchaser and, pursuant to NRS 111.325, plaintiff's security interest in the property should be void.

NRS 111.325 states that "every conveyance of real property within this state hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser, in good faith . . . ." However, for this statute to apply defendant must in fact be a bona fide purchaser. This is a contested issue, as plaintiff argues that defendant had notice of the underlying deed of trust, which plaintiff contends was recorded on February 4, 2005. Therefore, based on the allegations in the amended complaint, plaintiff did record the deed of trust, and defendant did have notice of plaintiff's interest in the property.

Finally, defendant argues that the proposed amendment is futile because plaintiff's interest in the property was extinguished after the conclusion of the HOA foreclosure. However, foreclosures can be contested in the state of Nevada. In *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp., Inc.*, the Nevada Supreme Court held "courts retain the

power to grant equitable relief from a defective foreclosure sale." 132 Nev. Adv. Op. 5 at 11 (January 28, 2016).  Therefore, by contesting the foreclosure, plaintiff has stated a cognizable claim for which relief can be granted.

The court finds that plaintiff's amended claim of wrongful foreclosure is not futile.

*b) Unjust Enrichment*

Plaintiff argues, in its proposed amended complaint, that defendant has been unjustly enriched because defendant has not reimbursed plaintiff for the funds it paid for the benefit of the property. Plaintiff alleges that after the foreclosure sale it continued to pay property taxes, as well as costs to maintain the property. Defendant argues that the amended complaint is futile because defendant had no notice of plaintiff's interest in the property prior to the foreclosure sale.

However, as discussed above, plaintiff alleges defendant had notice of the underlying deed of trust, which was recorded on February 4, 2005. Therefore, whether defendant had notice of plaintiff's interest is a contested issue.

In conclusion, the court finds that plaintiffs request to file an amended complaint is not futile and shall be granted.[3]

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for leave to amend the complaint (ECF No. 46) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant MDGGG Trust's motion to dismiss (ECF No. 36) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the parties' stipulation (ECF No. 44) be, and the same hereby is, DENIED as moot.

. . .

. . .

---

[3] Defendant's motion to dismiss is therefore moot because the motion requested the dismissal of plaintiff's original complaint. An amended complaint supersedes the original pleading, making it "non-existent." *Valadez-Lopez v. Chertoff*, 625 F.3d 851, 857 (9th Cir. 2011). If a litigant files an amended pleading, then motions to dismiss the original complaint are mooted without prejudice. *Johnson v. Cheryl*, 2013 WL 3943606, at *2 (D. Nev. 2013).

**James C. Mahan**
**U.S. District Judge**

- 5 -

IT IS FURTHER ORDERED that plaintiff Citimortgage, Inc. shall file its amended complaint within seven (7) days after the entry of this order.

DATED July 21, 2016.

_____
UNITED STATES DISTRICT JUDGE