UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CITIMORTGAGE, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> MDGGG TRUST, <br><br> Defendant(s). | Case No. 2:15-CV-154 JCM (VCF) <br><br> ORDER |

Presently before the court is defendant MDGGG Trust's motion to dismiss plaintiff CitiMortgage, Inc.'s claims against it, as asserted in plaintiff's second amended complaint. (ECF No. 58). Plaintiff filed a response (ECF No. 71), and no reply was submitted.

## I. Introduction

This litigation involves the circumstances regarding the May 28, 2014, foreclosure sale of the real property at 9680 Blue Calico Drive, Las Vegas, Nevada. (ECF Nos. 55, 71). The instant defendant is the purchaser of the property at that foreclosure sale. (ECF No. 55). As to this defendant, the second amended complaint asserts the following claims: (1) declaratory relief; (2) wrongful foreclosure; and (3) unjust enrichment.

## II. Legal Standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

**James C. Mahan**
**U.S. District Judge**

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.    Discussion

####    a.    Unjust enrichment

As an initial matter, plaintiff cannot make a claim of unjust enrichment under its alleged facts against this defendant. "Unjust enrichment is the 'unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience.'" *Galvan v. J.C.H. Enters., Inc.*, 2011 WL 4501083, No. 2:11-cv-00307-RLH-GWF, at *3 (D. Nev. Sept. 27, 2011) (quoting *Asphalt Prods. Corp. v. All Star Ready Mix,* 898 P.2d 699, 701 (Nev. 1995)). To state a valid claim for unjust enrichment, a plaintiff must allege three elements: (1) plaintiff conferred a benefit on defendant; (2) defendant

**James C. Mahan**
**U.S. District Judge**

- 2 -

appreciated such benefit; and (3) defendant accepted and retained the benefit. *Id*. (citing *Topaz Mutual Co. v. Marsh,* 839 P.2d 606, 613 (Nev. 1992)).

Regarding this defendant, plaintiff's allegations under this claim are merely that "MDGGG has accepted and retained the benefit of CMI's payment of the property taxes assessed to the Subject Property as well as the efforts to maintain and preserve the Subject Property." (ECF No. 55 at 12). Plaintiff gives no indication of the pecuniary amount, applicable tax periods, the authority delineating these obligations, a description of what these "efforts" entail, or any other facts that would elevate this allegation above the status of a conclusory assertion. (ECF No. 55 at 12); *see Twombly*, 550 U.S. at 555. Therefore, this claim will be dismissed.

    b. *Declaratory relief*

In its second amended complaint, plaintiff brings forth a claim for "declaratory relief." (ECF No. 55 at 6). Although plaintiff briefly appears to seek relief under the Fourteenth Amendment of the United States Constitution in that portion of its second amended complaint, defendant is correct that declaratory relief cannot be a cause of action by itself because the Declaratory Judgment Act—cited in plaintiff's operative complaint—"only creates a remedy." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989); *see also* 28 U.S.C. § 2201; (ECF No. 55). Therefore, that claim, in its current form, will be dismissed as to this defendant.

    c. *Wrongful foreclosure*

This court notes that there is no indication on the record of this case that the parties have completed the Nevada Real Estate Division's ("NRED") mediation program, as governed by Nevada Revised Statute ("NRS") 38.310.

Section 38.310 of the NRS provides, in relevant part:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues, mandating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2).

Subsection (1) of NRS 38.330 states that "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim." Nev.

**James C. Mahan**
**U.S. District Judge**

- 3 -

Rev. Stat. § 38.330(1). However, while NRS 38.330(1) explains the procedure for mediation, NRS 38.310 is clear that no civil action may be commenced "unless the action has been submitted to mediation." NRS 38.310. Specifically, NRS 38.330(1) offers in relevant part:

> If the parties participate in mediation and an agreement is not obtained, any party may commence a civil action in the proper court concerning the claim that was submitted to mediation. **Any complaint filed in such an action must contain a sworn statement indicating that the issues addressed in the complaint have been mediated** pursuant to the provisions of NRS 38.300 to 38.360, inclusive, but an agreement was not obtained.

Nev. Rev. Stat. § 38.330(1) (emphasis added). Moreover, nothing in NRS 38.330 provides that NRED's failure to appoint a mediator within 60 days constitutes exhaustion, nor does the statute place the burden on NRED to complete mediation within a specified period of time.

The record in this case indicates that the instant parties have not completed mediation. Thus, unless NRED appoints a mediator or the parties agree on one, plaintiff's claims—those that are subject to NRS 38.310—are unexhausted under state law.[1]

Further, "[a] wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013) (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12–CV–1367–JCM–PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558. Therefore, plaintiff's claim of wrongful foreclosure must be mediated before this court may delve into its merits.

**IV.   Conclusion**

In sum, defendant's motion to dismiss succeeds as to each claim against it. This order does not close the case because the unjust enrichment claim is challenged here as to this defendant only. . . .

---

[1] The statute of limitations for any claim submitted to NRED for mediation is tolled until the conclusion of mediation. *See* Nev. Rev. Stat. § 38.350.

James C. Mahan
U.S. District Judge

- 4 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that MDGGG Trust's motion to dismiss (ECF No. 58) be, and the same hereby is, GRANTED.

DATED March 10, 2017.

_____
UNITED STATES DISTRICT JUDGE